### 26807. DAILEY v. THE STATE.

GUERRY, J. Officers entered the home of the defendant and found on a table therein a coffeepot containing about three quarts of liquor. The defendant, his wife, and a man by the name of Hill were present in the room. The officers found also on the table several empty glasses which had contained liquor. The defendant at the trial made a statement merely denying that he knew the whisky was there. The evidence amply supports the verdict, and the court did not err in overruling the motion for new trial containing only the general grounds.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 20, 1938.

*Mitchell & Mitchell,* for plaintiff in error.
*J. H. Paschall, solicitor-general,* contra.

### 26808. DAILEY v. THE STATE.

BROYLES, C. J. The evidence amply authorized the defendant's conviction of the offense charged (possessing whisky); and the defendant's statement was evidently rejected by the jury. The court did not err in overruling the motion for new trial, based on the general grounds only.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 20, 1938.

### 26815. KINSEY v. THE STATE.

BROYLES, C. J. The accused was convicted of the offense of making whisky. The evidence connecting him with the crime, eliminating the mere conclusions of the witnesses, was wholly circumstantial; and therefore the court erred in failing to instruct the jury on the law of circumstantial evidence. The other alleged errors complained of in the motion for new trial are not likely to recur upon another hearing of the case. The general grounds of the motion are not passed on.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 20, 1938.

*William T. Townsend,* for plaintiff in error.
*J. Ralph Rosser, solicitor-general, J. Sanle Crawford,* contra.